IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| CARLOS KIDD, <br> TDCJ No. 01079464, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, <br><br> Defendant. | § § § § § § § § § § § | 2:20-CV-295-Z-BR |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT AND DENYING INJUNCTIVE RELIEF

This matter comes before the Court on Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendant, filed November 16, 2020 (ECF No. 1) ("Complaint") and Motion for Emergency Injunction (ECF No. 7) ("Motion for Emergency Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff has sought permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED** and his Motion for Emergency Injunction is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff filed this case in the United States District Court for the District of Columbia. (ECF No. 3). The case was then transferred to this division, where Plaintiff is housed by TDCJ. *See id.* In fact, Plaintiff has brought this exact same request for injunctive relief in numerous lawsuits in this district and these requests were all previously denied. *See Kidd v. Director of the Federal Bureau of Prisons*, No. 2:18-cv-161 (N.D. Tex–Amarillo); *Kidd v. Director of the Federal*

*Bureau of Prisons*, No. 2:19-cv-113 (N.D. Tex.–Amarillo); *Kidd v. Director of the Federal Bureau of Prisons*, No. 7:18-cv-005 (N.D. Tex–Wichita Falls); *Kidd v. Director of the Federal Bureau of Prisons*, No. 7:18-cv-130 (N.D. Tex–Wichita Falls). Further, a search of PACER reveals that Plaintiff has sought transfer from state custody to federal custody in lawsuits in many Texas district courts and even in other states based on the claims made in this lawsuit. His continued requests for the same relief in this lawsuit are duplicative of his past claims and abusive of the court system.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

ANALYSIS

A complaint that duplicates claims asserted in an earlier action may be deemed malicious and subject to summary dismissal. *See Brock v. Cockrell*, No. 3-03-CV-0340-M, 2003 WL 21418792 at *1 (N.D. Tex. Mar. 26, 2003) (Kaplan, J.) (citing cases). Consequently, this action should be summarily dismissed as duplicative under 28 U.S.C. § 1915A(b); *see also Pitman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.), cert. denied, 110 S.Ct. 417 (1989).

<u>Plaintiff is warned that any further filing of duplicative, frivolous, or malicious lawsuits may result in the imposition of monetary sanctions or a bar from filing any new lawsuits or pleadings before this Court.</u>

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is **ORDERED** that the Complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice. Plaintiff's Motion for Emergency Injunction is **DENIED**.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3